UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MATTHEW NARCISSE AND JOSEPHINE NARCISSE | CIVIL ACTION NO. 6:18-cv-00783 |
| VERSUS | JUDGE FOOTE |
| STATE FARM FIRE AND CASUALTY COMPANY | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Currently pending is the motion to withdraw Joseph LaHatte and Jennifer Zajac as counsel of record for the plaintiffs, Josephine and Matthew Narcisse. (Rec. Doc. 23). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be DENIED AS MOOT, and it is further recommended that this matter should be DISMISSED WITH PREJUDICE.

In this lawsuit, Josephine and Matthew Narcisse sued their homeowners' insurer, State Farm Fire and Casualty Company, seeking to recover for the loss of their home in a fire. State Farm's investigation showed that the fire was intentionally started by Mr. Narcisse. The case was administratively closed while criminal proceedings against Mr. Narcisse were undertaken. (Rec. Doc. 16). In July 2021, Mr. Narcisse pleaded guilty to criminal charges. (Rec. Doc. 25-1 at 3, Rec. Doc. 25-2 at 27). As part of his plea agreement, Mr. Narcisse was to dismiss this case.

In November 2021, the court reopened the case (Rec. Doc. 22) and stated that the case would be dismissed with prejudice in thirty days absent objections from the parties. In the succeeding thirty days, counsel for the plaintiffs filed a motion to withdraw their representation (Rec. Doc. 23), citing an irreconcilable conflict presented by their representing both Mr. Narcisse and Mrs. Narcisse as well as Mrs. Narcisse failing to respond to the lawyers' attempts to communicate with her about the case. In response to the court's order, counsel for the plaintiffs also filed a document styled an opposition to dismissal, stating that Mrs. Narcisse "has continually asked for time to consider her decision" whether to object to the dismissal of the case (Rec. Doc. 24 at 2), but not articulating an actual objection to dismissal of the case. State Farm did not file an objection during the allowable time period.

After the thirty-day period elapsed, however, State Farm filed an untimely brief opposing the plaintiffs' attorneys' motion to withdraw and requesting that this matter be dismissed. (Rec. Doc. 25). In its briefing, State Farm confirmed that Mrs. Narcisse was paid her share of the insurance proceeds for the loss of the house.

There having been no substantive objections filed, this Court recommends that the motion to withdraw Mr. LaHatte and Ms. Zajac as counsel for the plaintiffs should be DENIED AS MOOT, and this matter should be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Signed at Lafayette, Louisiana, on this 25th day of January 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE